**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| DIMITRI MILES LOPEZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 18-cv-1091-JES |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER AND OPINION**

This cause is before the Court on Petitioner Dimitri Miles Lopez's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Doc. 1).[1] For the reasons set forth below, and in light of *Garza v. Idaho*, 139 S. Ct. 738 (2019), Petitioner Lopez is DIRECTED to file affidavit on or before June 4, 2019, clarifying the factual basis for his claim that his counsel refused to file an appeal.

Additionally, for the reasons stated below, the Court DISMISSES the remaining claims in Petitioner's Motion and finds that a hearing on these claims is not required because "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *Hutchings v. United States*, 618 F.3d 693, 699–700 (7th Cir. 2010) (quotation omitted).

**I. BACKGROUND**

In March 2016, Lopez was charged by indictment of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count 1); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A) and (c)(1)(A)(i) (Count 2); felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and

---

[1] Citations to documents filed in this case are styled as "Doc. ___."

924(a)(2) (Count 3); possession of a short-barreled shotgun in violation of 26 U.S.C. §§ 5861(d) and 5871 (Count 4); and two counts of distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts 5 and 6). *See United States v. Lopez,* United States District Court, Central District of Illinois, Rock Island Division, Case No. 16-cr-40014 (hereinafter, Crim.), Indictment (d/e 1).

In October 2016, Lopez pleaded guilty to Counts 1, 2, 3, and 4 of the Indictment pursuant to a plea agreement. *See* Crim. Plea Agreement (d/e 10). In the plea agreement, Lopez waived his right to appeal his sentence and/or conviction, or to collaterally attack his conviction and sentence. *Id.* at ¶ 11-12. The Government agreed that Lopez would qualify for a reduction in offense level in accordance with Sections 3E.1.1 and 3E.1.1(b)(2) of the sentencing guidelines, and that the Government would dismiss Counts 5 and 6 of the Indictment. *Id.* at ¶ 23. Additionally, the Government agreed to afford Lopez the opportunity to provide cooperation to the Government and agreed to advise the Court of the extent and value of Lopez's cooperation. *Id.* at ¶ 17-19.

The Plea Agreement set forth in detail the potential penalties for each count for which Lopez pleaded guilty. Crim., Plea Agreement at ¶ 6 (d/e 10). The Plea Agreement specified that "the maximum possible sentence which could be imposed on the combined counts is a mandatory minimum of fifteen (15) years up to a maximum of life in prison." *Id.* at ¶ 7. The agreement also stated that the parties agreed that "[t]he Court will remain free to make its own independent determination of the applicable advisory Sentencing Guideline range and to impose whatever sentence it deems appropriate" and "the Court will be free to impose whatever sentence it deems appropriate up to the statutory maximum." *Id.* at ¶ 15-16.

By signing the Plea Agreement, Lopez specifically attested that:

> 31. I have read this entire plea agreement carefully and have discussed it fully with my attorney. I fully understand this Agreement, and I agree to it voluntarily and of my own free will. I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this Agreement about my criminal conduct are true. No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, expressed or implied, to influence me to plead guilty other than those stated in this written Plea Agreement. I am satisfied with the legal services provided by my attorney. I understand that by signing below I am stating I agree with everything stated in this paragraph, and I am accepting and entering into this plea agreement.

*Id.*

At the change of plea hearing before Magistrate Judge Hawley, Lopez acknowledged under oath that he had received a copy of the Indictment and had discussion the changes and possible defenses with his counsel. Crim., Change of Plea Hearing Tr. at 3-6, 14 (d/e 32). The Court found that Lopez was "competent to understand the proceedings and to enter a knowing plea." *Id.* at 5. The Court asked whether Lopez was satisfied with his counsel's services:

> COURT: Mr. Lopez, have you had an ample opportunity and chance to discuss your case with Mr. Robertson who is your attorney here with you now?
>
> LOPEZ: Yes, Your Honor.
>
> COURT: And are you fully satisfied with the counsel, representation, and advice that he's given to you in this case?
>
> LOPEZ: Yes, Your Honor.

*Id.* at 5-6.

The Government recited the elements it would be required to prove, and Lopez indicated that he understood each of the elements. *Id.* at 6-8, 15. The Government also stated the minimum and maximum penalties for the charges. Crim., Change of Plea Hearing Tr. at 9-10 (d/e 32).

The Court went over the appellate waivers contained in the plea agreement with Lopez, and Lopez indicated he understand he was waiving the right to appeal or collaterally attack his

sentence except for claims of involuntariness or ineffective assistance of counsel. *Id.* at 16-19, 27. The Court also explained that the Court was not bound by the advisory Sentencing Guidelines calculated in the plea agreement, and that it was merely a recommendation to the Court. *Id.* at 20, 24-25. Finally, the Government presented the factual basis for the plea and Lopez agreed that the facts were true. *Id.* at 28-32. Lopez affirmed again that no one had attempted in any way to force him to plead guilty or otherwise threatened him in this case, that no one had made any promises or assurances of any kind to get him to plead guilty other than the ones in the plea agreement, and that he was pleading guilty because he was in fact guilty. *Id.* at 33. Magistrate Judge Hawley then entered his Report and Recommendation to accept the plea of guilty, which this Court accepted on November 1, 2016. Crim., Acceptance of Plea of Guilty (d/e 15).

At the sentencing hearing on February 16, 2017, the Court noted that all objections to the Presentence Sentence Report ("PSR") had been resolved. Crim., Sent. Tr. at 2 (d/e 33). The court adopted the PSR as written. *Id.* Lopez had a total offense level of 27, and a Criminal History Category of IV, resulting in a sentencing range under the guidelines of 100 to 125 months' imprisonment for Counts 1, 3, and 4, and 120 months' imprisonment on Count 2 to be served consecutive. *Id.* at 2-3. Lopez's counsel argued he should receive the mandatory minimum sentence of 15 years, or 180 months' imprisonment. The Government recommended a total sentence of 220 months. The Court sentenced Lopez to a total sentence of 200 months, followed by four years of supervised release. No fine was imposed, and a $400 special assessment was ordered. *Id.* at 14-19. The written judgment was entered on February 27, 2017. Crim., Judgment (d/e 25). Lopez did not file a direct appeal.

On February 28, 2018, Lopez filed this Motion to Vacate, Set Aside or Correct Sentence

pursuant to 28 U.S.C. 2255 (Doc. 1). He argues his Sixth Amendment right to effective assistance of counsel was violated because: (1) counsel was ineffective for failing to examine the record or file any motions or objections prior to his plea of guilty; and (2) counsel was ineffective for failing to object to or appeal his sentence when it was twenty months more than "what was originally agreed upon in petitioner's plea agreement." *Id.* In April 2018, the Government filed a Response (Doc. 5), arguing that both grounds are meritless. Lopez did not file a timely reply. This Order follows.

## II. LEGAL STANDARD

A person convicted of a federal crime may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Relief under § 2555 is an extraordinary remedy because a § 2255 petitioner has already had "an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). [COLEMAN – 763 F.3d 706 instead?] "[I]t is generally proper to raise arguments of ineffective assistance of counsel for the first time on collateral review in a § 2255 petition because such claims usually. . . involve evidence outside the record." *Galbraith v. United States*, 313 F.3d 1001, 1007 (7th Cir. 2002).

The Sixth Amendment guarantees criminal defendants effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 684-86 (1984). Under *Strickland's* familiar two-part test, Petitioner must show both that his attorney's performance was deficient and that he was prejudiced as a result. *Vinyard v. United States*, 804 F.3d 1218, 1225 (7th Cir. 2015). Courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 690. A prisoner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different." *Id.* at 694. Absent a sufficient showing of both cause and prejudice, a petitioner's claim must fail. *United States v. Delgado,* 936 F.2d 303, 311 (7th Cir. 1991).

## III. ANALYSIS

### A. Lopez Was Not Deprived of Effective Assistance of Counsel in the Plea-Bargaining Phase of his Criminal Case.

Lopez first argues that he was deprived the effective assistance of counsel by his attorney's refusal to allow Lopez to examine the facts before advising a guilty plea. Lopez's concern in his first ground of relief seems to center on the lack of pretrial motions filed in his case. Pet. at 4 (Doc. 1). In the plea-bargaining phase, "reasonably competent counsel will 'attempt to learn all of the facts of the case, make an estimate of a likely sentence, and communicate the results of that analysis before allowing his client to plead guilty.'" *Gaylord v. United States*, 829 F.3d 500, 506 (7th Cir. 2016) (citing *Moore v. Bryant*, 348 F.3d 238, 241 (7th Cir. 2003)). Here, Lopez has not stated what pertinent facts his attorney should have examined or should have allowed Lopez to examine. He has also not stated what motions should have been filed or what the basis for such motions would have been. It is well within the "wide range of reasonable professional assistance" for an attorney to not file pre-trial motions. Lopez has not alleged any facts that would allow this Court to find his counsel's performance was deficient.

Nor has Lopez made any indication that he was prejudiced by any insufficient factual examination, or that he would not have entered a guilty plea. *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366 (1970) ("[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."); *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010) (to satisfy the "prejudice" prong the defendant must also show that to have rejected the plea

agreement and go to trial would have been rational under the circumstances).  Accordingly, the Court

Lopez also claims that "based on his attorney's representations, the petitioner believed he had no choice to plead guilty."  Pet. at 4 (Doc. 1).  However, Lopez's testimony at the plea colloquy hearing refutes such a sentiment.  The Court instructed Lopez that "under the Constitution and laws of the United States, you have an absolute right to a jury trial.  No one including myself as judge of this court, your own attorney, the government attorney, or any agents for the government, can deny you your constitutional right to a jury trial on the charges contained in the indictment."  Crim., Change of Plea Tr. at 10 (Doc. 32).  The Court went on to explain this right in detail, that the plea agreement would waive this right, and that he could persist in a plea of not guilty.  *Id.* at 10-15.  Lopez testified that he understood this right and that he understood he was waiving it.  *Id.*  Accordingly, the Court finds that the record shows Lopez knew he had the right to plead not guilty and proceed to a jury trial.  Therefore, the Court will dismiss Lopez's claim of ineffective assistance of counsel in relation to his plea agreement.

**B. In Light of *Garza v. Idaho*, 139 S. Ct. 738 (2019), Lopez May Be Entitled to Pursue his Appeal.**

Lopez also argues that his counsel was deficient because his counsel did not "object or appeal to an additional twenty months more than what was originally agreed upon in petitioner's plea agreement."  Pet. at 6 (Doc. 1).  Lopez is incorrect about his plea agreement—it contains no agreed sentence.  His plea agreement clearly states that "the Court will be free to impose whatever sentence it deems appropriate up to the statutory maximum," and that "the maximum possible sentence which could be imposed on the combined counts is a mandatory minimum of fifteen (15) years up to a maximum of life in prison."  Crim., Plea Agreement at ¶¶ 7, 16.

Accordingly, it was not deficient performance for counsel to refuse to object to the sentence; any objection would have been frivolous.

However, Lopez's statement that his counsel refused to *appeal* requires further analysis. In its response, the Government, relying on *Nunez v. United States,* 546 F.3d 450, 455 (7th Cir. 2008), argued that even if Lopez specifically instructed his counsel to file an appeal, his counsel's performance was not defective in light of the appellate waive in Lopez's plea agreement. However, since briefing in this case, the Supreme Court in *Garza v. Idaho*, 139 S. Ct. 738 (2019), held that an attorney renders deficient performance by not filing a notice of appeal in light of their client's clear request, even in the face of an appeal waiver. *Id.* at 747. Moreover, *Garza* held that such deficient performance is presumptively prejudicial if the defendant can show that the deficient performance deprived him "of an appeal that he otherwise would have taken." *Id.* (*citing Roe v. Flores-Ortega,* 528 U.S. 470, 120 S.Ct. 1029 (2000).

If Lopez's counsel refused to file an appeal after a clear request by Lopez, then Lopez is entitled to have the Court to vacate and reenter the judgment, allowing the appeal to proceed. *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1199 (9th Cir. 2005). It would be a frivolous appeal, of course, for the reasons stated above, but Lopez's constitutional right nonetheless.

Lopez is proceeding pro se and his allegations are not clear—he states that counsel "refused to object or appeal," but he also stated that counsel merely advised him that an appeal would make no difference. Pet. at 5-6 (Doc. 1). Advising a defendant not to file a fruitless appeal is certainly not deficient performance. The error *Garza* addresses is only when counsel is asked to file an appeal and refuses. Here, Lopez never directly alleges he asked his attorney to file a notice of appeal. However, his use of the word "refused" might imply that Lopez had asked and that his attorney refused. Recognizing that Lopez is proceeding pro se and his motion

should be read liberally, *see Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972), the Court will give Lopez the opportunity to expand and clarify the record pursuant to Rule 7 of the Rules Governing Section 2255 Cases. Lopez is, therefore, DIRECTED to file an affidavit clarifying the factual basis for his claim that his counsel refused to file an appeal. This affidavit must be filed on or before June 4, 2019. The Court reminds Lopez that his filing must be signed and submitted under penalty of perjury.

## IV. CONCLUSION

For the reasons stated above, Petitioner Lopez is DIRECTED to file an affidavit clarifying the factual basis for his claim that his counsel refused to file an appeal on or before June 4, 2019. Upon review of Petitioner's affidavit, the Court will set a deadline for supplemental briefing from the Government if necessary.

Petitioner's claims regarding ineffective assistance of counsel in relation to his plea agreement are DISMISSED.

Signed on this 7th day of May 2019.

*s/ James E. Shadid*
James E. Shadid
United States District Judge